8604

DIMERY v. BENNETTSVILLE & CHERAW R. R. CO.

1. CHARGE.—Where a plaintiff in laying the ground for contradiction by cross-examining the defendant's witness, the Judge says his statement now is more favorable to you (the plaintiff), and plaintiff's counsel assents thereto, there is no discussion of the evidence or charge on the facts.

2. RAILROADS—LICENSEE—TRESPASSER—NEGLIGENCE.—It is the duty of an engineer in charge of a locomotive to use due care to prevent injury to children seen by him on the track in a perilous condition, whether they are licensees or trespassers.

Before JOSEPH A. MCCULLOUGH, Special J., Marlboro, November, 1912.    Affirmed.

Action by Georgia Dimery against Bennettsville and Cheraw Railroad Company.    Defendant appeals.

*Messrs. Stevenson, Stevenson & Prince* and *D. D. McColl,* for appellant.

*Messrs. Stevenson, Stevenson & Prince* cite: *An opinion from the Judge is as harmful as an instruction:* 87 S. C. 244; 57 S. C. 243; 70 S. C. 183; 52 S. C. 540. *The same duty is not due a trespasser as a licensee:* 85 S. C. 360; 90 S. C. 335; 86 S. C. 111; 64 S. C. 25; 93 S. C. 347, 57.

*Mr. J. K. Owens,* contra, cites: *Remarks of Judge to attorney in course of trial is not error:* 61 S. C. 17; 72 S. C. 350; 71 S. C. 137; 78 S. C. 502; 73 S. C. 379; 87 S. C. 407; 65 S. C. 169; 69 S. C. 460. *A railroad company owes due care to one discovered on its track in peril:* 61 S. C. 559; 93 S. C. 329; 57 S. C. 252; 70 S. C. 192; 58 S. C. 75; 64 S. C. 7; 23 S. C. 535.

July 11, 1913.    The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action for damages. The plaintiff, by her guardian *ad litem,* alleges that she is an infant of about nine years of age, and that on or about the 7th of March, 1910, was working in company with her older sister along, by and then upon the track of the defendant, railroad company, when her foot became fastened in the irons forming the switch and when the plaintiff and her sister were engaged in endeavoring to rescue her therefrom, the defendant grossly, recklessly, carelessly and wantonly ran its engine and tender backwards upon the plaintiff and cut off her foot. The defendant denied negligence on its part and pleaded contributory negligence. The jury found a verdict in favor of the plaintiff and judgment was entered upon the verdict. From this judgment the defendant appealed upon six exceptions.

The first exception complains of a remark by the presiding Judge to plaintiff's attorney, and the other five to the charge of the Judge.

The first exception is as follows: 1. "The defendant excepts to the following incident of his Honor, the presiding Judge, at the trial: Question by Mr. J. K. Owens in cross-examination of J. W. Page: 'That is two hundred or two hundred and fifty, and your idea at that time was it was one hundred and fifty? I do not recall exactly; it was further than two hundred yards.' The Court: 'His statement is more favorable to you than it was before, isn't it' (addressing Mr. Owens). 'Mr. Owens: Yes, sir.' The defendant respectfully submits that this was a discussion of the evidence by the Court in the presence of the jury, and an expression of opinion that this witness was giving more favorable testimony at this time than he had on a former occasion; and we submit was error."

This was defendant's witness. The plaintiff's attorney was laying the foundation for a contradiction. In effect his Honor said, there is no use for this, as the witness is giving testimony more favorable to you than he did before. The

remark was really a protection to the defendant's witness and was a question to counsel and not a charge to the jury.

This exception is overruled.

The other exceptions are not separately considered in argument and will not be considered separately here. They are as follows:

2. "The defendant excepts to the following charge of his Honor, the presiding Judge: 'Now, gentlemen, whether one is a licensee or whether one is a trespasser, makes very little difference under certain circumstances,' and also by the following statement referring back to this statement, to wit: 'Now, if you see a person in a line of danger, whether that person be a licensee or whether that person be a trespasser, from the moment you discover that they are in a position of peril, then the law says you are due them care, due care, not to injure them, the moment it is discovered that they are in a position of peril.' The error being that he had previously told the jury that in this case and in cases like this, there is practically no difference between a licensee and a trespasser from the standpoint of the defendant; the same being error of law, in that a higher degree of care is required under the circumstances not to injure a licensee than is required as to a trespasser.

3. "In laying down the rule in his charge that a trespasser is entitled to due care instead of being entitled merely to exemption from wilfulness, in the following language: 'It is for the jury to say whether or not there is anything in their condition or situation or surroundings that ought to apprise the engineer or other parties in charge of the train that they are not in possession of their faculties, or have not absolute control over their movements, and if they appear disabled or otherwise in a condition where they are not prepared to take care of themselves, then the law says it is the duty of those in charge of the train of cars to use due care to prevent injuring them. And right here, gentlemen, is a very impor-

tant and material fact to consider in this case. Was the plaintiff in a position of peril?

4. "He further erred in making the following charge: 'By the exercise of ordinary care and prudence after having discovered the presence of the plaintiff upon the railroad track, if the plaintiff was upon the track, was there anything in the surrounding circumstances that ought to have apprised those in charge of this train that this party was in a position of peril, or was disabled? If you believe those to be the facts, and if so, were they apprised in time to stop the train and prevent the injury? If so, it was their duty to use every reasonable facility at their hand so to do;' in that he required a higher degree of care, to wit: the use of every reasonable facility at their hands to avoid injuring the plaintiff, and this under a charge that made no difference between a licensee and a trespasser, and thereby allowing the jury to base their verdict against the defendant, not on failure to use ordinary care, but on failure to use every reasonable facility or means to avoid injury to the plaintiff; and he erred in laying down this rule, especially where he embraced a trespasser and a licensee under the same rule.

5. "The Court erred, it is respectfully submitted, in charging the jury as follows: 'But if, gentlemen of the jury, they discovered the presence of these people upon the track, and if they saw after that discovery, or could have seen by the exercise of ordinary care, that they did not recognize or obey the signals, then it is for you to say just what the distance was. Could they have stopped the train by the exercise of ordinary care? If so, and they did not do it, and the girl was injured, then the railroad company would be responsible. But, gentlemen of the jury, if they did not, if they did everything after discovering the perils of the party, the dangerous position, everything that a reasonable party could do in order to stop the train and avoid the injury, if they did that, then they are not responsible. Now, that is a fact for you to consider, and in considering it, you will take into

consideration all of the testimony.   You have heard it, you
were there, and you have heard the various witnesses testify
as to what they did.   You will consider how much time
must have elapsed from the time the party was placed in a
position of peril, if you believe she was so placed, until the
engine ran over her foot, and it is undisputed that the
engine did run over her foot.   Answer whether or not the
railroad company did everything that a reasonable person
could do under the circumstances after discovering the peril
of the party, in order to stop the train.'   The error being
that he again placed in two or three paragraphs, and empha-
sized it in the last paragraph the burden of showing that the
defendant did everything that a reasonable person could do
under the circumstances, after discovering the peril of the
party, whether the party was a trespasser or licensee; and
we submit it was error in applying this rule to all classes of
persons on a railroad track, and especially under the evi-
dence in this case.

6. "The Court erred, it is respectfully submitted, in charg-
ing the jury as follows: 'Assuming, for the purpose of
inquiry, that the girl was guilty of contributory negligence,
in going on the track in the first instance, assuming that, yet
if she became in a position of peril and danger, and the rail-
road company saw it in time to have avoided injuring her,
and didn't use due care after it discovered her position of
peril, and that was the sole cause of her injury, then the
plaintiff's prior negligence, if she were guilty of negligence,
would not defeat a recovery, because under the circum-
stances that negligence would not be a proximate cause of
the injury.'   'Ordinarily the proximate cause is a question
of fact for the jury, but under the facts as I stated to you,
I charge you that, if notwithstanding her negligence, the
railroad company could have avoided the injury to her by
the exercise of due care, after they discovered her peril, if
she were in peril, and did not exercise that due care after
they discovered that she negligently put herself in that posi-

tion, if she did so, she would nevertheless be entitled to recover at your hands.'

"The error being that he told them that if by the exercise of due care although the plaintiff was guilty of contributory negligence, the railroad could have avoided the injury, then the contributory negligence was not the proximate cause of the injury. The error being, first, in undertaking to say that the negligence which brought about the injury was not a proximate cause, thereby taking that issue from the jury; and, second, requiring the railroad company to exercise due care when there was no question but that she was nothing but a licensee, and the railroad company was ordinarily required to exercise ordinary care, and if she were a trespasser the railroad company was only required to refrain from wilfulness in injuring her. It is respectfully submitted that error in all these particulars was committed by the said charge."

In the Carter case Mr. Justice Watts, then Circuit Judge, charged the jury fully as strongly as did special Judge McCullough in this case. Appellant's 8th exception was as follows, 93 S. C., pages 334-335:

8. "Because his Honor erred in charging the jury as follows: 'Now, I charge you further, as a matter of law, that a railroad company in running its cars over its track has a right to assume in the absence of anything to the contrary, or any proof to the contrary, that when a person is walking on its track and they see or hear the approach of a train, or if they give the necessary signals and everything of that sort, they have a right to assume that the party walking on the track will get off the track and get out of the way of the approaching train. At the same time, the law requires the engineer, the party in charge of the train, the locomotive running it, to observe due care and due precaution not to inflict injury on any person that is on the track. They must observe due care and due precaution, exercise the ordinary care, do what an ordinary, prudent person would do under

similar circumstances not to inflict any injury on any person on the track and give the necessary signals, and they don't get off, and there is any reasonable way whereby he can stop the train and prevent the injury, and he doesn't observe due care and due precaution, but is careless and negligent, and doesn't observe due care and due precaution and injure any one under circumstances of that sort, and the party injured doesn't by any act of carelessness and negligence on his part in any manner contribute to the direct and proximate cause of his injury, then the party injured or the party suing for him would have a right to recover such actual damages as he sustained proportionate to the injury sustained,' the error being that such charge was confusing to the jury, inasmuch as his Honor failed to distinguish between the duty owed a licensee and a trespasser, and thus charged the jury that even if, under the facts, the jury should find that plaintiff's intestate was a trespasser, still the defendant company would be liable, if it failed to observe due care and due precaution, or failed to exercise ordinary care; whereas, the law is that if he was a trespasser, the mere failure to observe due care or ordinary care would not render the defendant liable."

This exception was overruled. He charged that, after seeing a person in a perilous position, those who handle dangerous machinery must exercise due care, and if there is *any reasonable way* whereby they can stop the train and prevent the injury, they are bound to do it. That charge was sustained.

This is a very much stronger case for respondent than the Carter case. In that case the person injured was an adult. In this case there were two children, the oldest about fourteen, and the one injured about nine. There was only an engine and tender, with no alleged reason to hurry. Those in charge of the train saw these children in a perilous position and made no effort to stop until it was too late to avoid injury.

In the Carter case, Mr. Justice Watts said: "If they see any one" in a position of danger on the track, they are bound to use any reasonable way to prevent injury.  There was no charge on the facts.  His Honor said, "if you find."  These exception are overruled.

The judgment appealed from is affirmed.